IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SUSAN J. SCHNEIDER,           )
                              )
          Plaintiff,          )
                              )
     v.                       )     1:06CV00639
                              )
ROCHE LABORATORIES, INC.,     )
a/k/a LA ROCHE LABORATORIES, INC., )
and HOFFMAN-LA ROCHE, INC.,   )
HOFFMAN-LA ROCHE, INC., and   )
SALVATORE BADALAMENTI,        )
Individually and in his capacity )
as an Employee of ROCHE       )
LABORABORIES, INC.,           )
                              )
          Defendants.         )

## SUPPLEMENTAL PROTECTIVE ORDER

The parties have entered into a stipulated protective order pursuant to Fed. R. Civ. P. 26(c) concerning the handling and use of documents and depositions in this case. See Fed. R. Civ. P. 29. In approving the stipulated protective order, the Court orders the parties to follow these additional procedures.

(1) **TO THE EXTENT THE STIPULATED PROTECTIVE ORDER IS INCONSISTENT WITH THIS ORDER, THE TERMS OF THIS ORDER SHALL TAKE PRECEDENCE AND SPECIFICALLY WITH RESPECT TO PARAGRAPH 23.**

By approving this Order and accepting the stipulation, the Court is not ruling on whether any document or information is, in fact, entitled to protection under Rule 26(c). Rather, the Court approves the protective order in order to minimize discovery problems and to promote and expedite unrestricted discovery without Court intervention. The Court reserves the

right at any time to require the party who is responsible for documents remaining under seal to establish that the matters are, in fact, confidential.

(2) **THE PARTIES ARE HEREBY DIRECTED AND REQUIRED TO KEEP TO A MINIMUM THE AMOUNT OF SEALED MATERIAL THEY ATTEMPT TO FILE IN THIS COURT.**

    a. The parties will not include or will extract any confidential information from documents submitted to the Court unless directly relevant to the issues to be considered.

    b. A party must obtain court permission to file any matter under seal and must show good cause. Prior to filing any information under seal with this Court, a party shall request that the confidentiality designation be eliminated by the supplier of the information. A request to file information under seal shall include a report of the efforts to comply with this part of the Supplemental Order.

    c. Only material which meets the stringent requirements of Fed. R. Civ. P. 26(c) shall be entitled to be filed under seal. If filing under seal is permitted, a redacted copy of the document shall be filed and labeled as a redacted document. In the redacted document, the omitted material must be generally identified. For example, if only a page, sentence, or word of a deposition, brief, or other material contains confidential information, then only that page, sentence, or word should be redacted from the item filed in

the public record of the Court, with an appropriate explanation at the place of withdrawal in the document. The party shall file the original unredacted document manually with the Clerk. For ease of court review, a party shall submit a judge's copy of the complete unredacted document, with the redacted part clearly marked thereon by highlighting.

 d. Unreasonable insistence on sealing information not entitled to be sealed shall be grounds for sanctions.

(3) **PROCEDURE TO BE FOLLOWED BY THE PARTIES FOR COURT DETERMINATIONS OF CONFIDENTIALITY OR PRIVILEGE CLAIM.**

 Upon requesting a protective order either on its own motion or in response to a motion to compel, the party which claims confidentiality or privilege for any document must prepare and file the index log as described in <u>Vaughan Furniture Co., Inc. v. Featureline Mfg., Inc.</u>, 156 F.R.D. 123, 128 (M.D.N.C. 1994), and <u>Pete Rinaldi's Fast Foods v. Great American Ins. Companies</u>, 123 F.R.D. 198, 203 (M.D.N.C. 1988).

(4) **PLEADINGS, MOTIONS AND BRIEFS MAY NOT BE FILED UNDER SEAL WITHOUT COURT APPROVAL.**

 This Order shall not be construed as sanctioning the filing of sealed documents to be used in conjunction with a dispositive motion or for the trial. The parties should so construct pleadings, motions and briefs so as to avoid the need for sealing. For any request to seal pleadings, motions or briefs, or portions thereof, the parties are required to

meet the tests of necessity and notice set out by the Fourth Circuit in <u>Stone v. University of Md. Medical System Corp.</u>, 855 F.2d 178 (4th Cir. 1988); <u>Rushford v. New Yorker Magazine, Inc.</u>, 846 F.2d 249 (4th Cir. 1988); and <u>Virginia Dept. of State Police v. Washington Post</u>, 386 F.3d 567 (4th Cir. 2004).

(5) **ALL DOCUMENTS, SEALED OR OTHERWISE, FILED WITH THE COURT SHALL BE DISPOSED OF PURSUANT TO LR 83.5(c) UNLESS OTHERWISE ORDERED BY THE COURT.**

(6) **PAPERS SUBMITTED IN VIOLATION OF THIS ORDER SHALL NOT BE CONSIDERED.**

      **IT IS SO ORDERED.**

/s/ Russell A. Eliason
United States Magistrate Judge

March 26, 2007